David C. Van Parys Leavenworth County Counselor
300 Walnut Leavenworth, Kansas 66048
Dear Mr. Van Parys:
As Leavenworth County Counselor, you request our opinion regarding whether a county may designate as a revitalization area an area comprising a sewer district and allow payment of the costs of sewer system improvements from the county's general fund.
You state that in 1991 the Leavenworth County Commission created Sewer District No. 3 of Leavenworth County pursuant to K.S.A. 19-27a01 etseq. (Sewer Act) The county commission serves as the governing body of the sewer district.[1] The sewer district has been served by a sanitary sewage lagoon licensed by the Kansas Department of Health and Environment (KDHE). The sewer district subsequently entered into a consent order with KDHE whereby the lagoon is decommissioned and the district is connected to waste water treatment facilities owned and operated by the City of Basehor, Kansas. The connection has been completed, but neither the district nor KDHE has provided final acceptance of the connection project. Likewise, the final costs and apportionment thereof have not been determined. Funding for the project was obtained through the State Revolving Loan Fund administered by KDHE. Information regarding the terms of the loan was not provided to our office. The county commission is now exploring designating the same area as a neighborhood revitalization area under K.S.A. 12-17,115(c)(1).
The ability to create an assessment, improvement, benefit or special taxing district is prescribed by state statute, which must be substantially followed when creating the district.[2] Land included in one district may be included in another, where benefits accrue.[3]
A board of county commissioners of any county has the power to create a sewer district when:
 (1) A sufficient petition requesting the creation of a sewer district is filed with the board; or
 (2) the secretary of health and environment or the local health officer determines and certifies to the board that unsanitary conditions exist or are expected to develop and which may be removed or prevented by the installation and utilization of sewers.[4]
The sewer district may not include land that is within an improvement district created pursuant to K.S.A. 19-2753 et seq. or an industrial district created pursuant to K.S.A. 19-3801 et seq.
unless the governing body of the improvement district or industrial district approves the inclusion.[5] The Sewer Act also precludes transferring land within a sewer district to another sewer district under the circumstances set forth in K.S.A. 19-27a08. It further addresses creating joint sewer districts, [6] enlarging a sewer district, [7] altering sewer district boundaries, [8] and attaching additional territory located in a city.[9] There is, however, no restriction against including land that is within a sewer district created pursuant to K.S.A. 19-27a01 et seq. into a neighborhood revitalization area designated under K.S.A. 12-17,115.
The Kansas Neighborhood Revitalization Act[10] is designed to improve blighted areas in municipalities by encouraging property owners to improve their properties through the use of property tax rebates.[11] "The governing body of a municipality may designate any area within the municipality as a neighborhood revitalization area if the governing body finds that one or more of the conditions as described in subsection (c) of K.S.A. 12-17,115, and amendments thereto, exist. . . ."[12] The designation may be made only after the governing body has conducted a hearing and adopted a plan that includes the proposals for improving or expanding municipal services within the area, specifies the property that is eligible for revitalization, and establishes the criteria used by the governing body to determine eligibility.[13]
The Leavenworth County Commission is considering designating an area currently comprising a sewer district to also be a revitalization area. The specific provision under which the Commission would attempt the action states an area may be so designated if:
 there is a preponderance of buildings or improvements which by reason of dilapidation, deterioration, obsolescence, inadequate provision for ventilation, light, air, sanitation, or open spaces, high density of population and overcrowding, the existence of conditions which endanger life or property by fire and other causes or a combination of such factors, is conducive to ill health, transmission of disease, infant mortality, juvenile delinquency or crime and which is detrimental to the public health, safety or welfare. . . .[14]
The statutory language implies that the conditions must exist at the time the revitalization area designation is made. "Any municipality may expend money from the general fund of such municipality to accomplish the purposes of this act."[15]
In review, an area that has been designated as a sewer district pursuant to K.S.A. 19-27a01 et seq. may be subsequently designated as a neighborhood revitalization area under K.S.A. 12-17,114 etseq. if the conditions for such a designation currently exist. Obligations under any outstanding loan arrangements must be considered when taking such action. Money from the municipality's general fund may be expended to accomplish the purposes of the neighborhood revitalization act.
Sincerely,
Derek Schmidt Kansas Attorney General
Richard D. Smith Assistant Attorney General
[1] K.S.A. 19-27a02.
[2] 14 McQuillin, MunicipalCorporations § 38.42 (2008).
[3] 14 McQuillin, MunicipalCorporations § 38.58 (2008).
[4] K.S.A. 19-27a03.
[5] K.S.A. 19-27a03a.
[6] K.S.A. 19-27a13.
[7] K.S.A. 19-27a14.
[8] K.S.A. 19-27a16.
[9] K.S.A. 19-27a24.
[10] K.S.A. 12-17,114 et seq.
[11] Attorney General Opinion No. 96-84.
[12] K.S.A. 12-17,116.
[13] K.S.A. 12-17,117.
[14] K.S.A. 12-17,115(c)(1).
[15] K.S.A. 12-17,118.
 *Page 1